UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PEOPLE OF THE STATE OF
CALIFORNIA, ex rel.
BILL LOCKYER, ATTORNEY GENERAL,

        Plaintiff,

  v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, et al.,

        Defendants.

No. CIV. S 05-0211 MCE GGH

MEMORANDUM AND ORDER

----oo0oo----

    In this case, Plaintiff the People of the State of California ("State") challenges Defendants' 2004 Sierra Nevada Forest Plan Amendment ("2004 Framework"). The State alleges that Defendants United States Department of Agriculture, United States Forest Service, *et al.* ("Defendants") violated federal environmental and administrative laws in preparing and approving the Final Environmental Impact Statement and the Record of Decision for the 2004 Framework.

1

1 Defendants now move to dismiss the State's complaint for lack of
2 standing under Federal Rule of Civil Procedure 12(b)(1).[1]
3 Defendants contend that the California Attorney General
4 ("Attorney General") is representing the People of California
5 solely as *parens patriae* in this action against the federal
6 government.[2]

7 As set forth below, federal case law indicates that a state
8 cannot maintain *parens patriae* standing against the federal
9 government. Consequently, the State has not established standing
10 in its complaint as presently constituted, and this Court lacks
11 subject matter jurisdiction. Defendants' motion to dismiss is
12 therefore GRANTED.[3] Because the State may be able cure these
13 deficiencies by amending the complaint, however, the State shall
14 have leave to amend.

**BACKGROUND**

16 Defendants drafted the 2004 Framework to change the
17 vegetation management strategy described in the original 2001
18 Sierra Nevada Forest Plan. Defs.' Mot. Dismiss Ex. C at 3.
19 ///
20 ///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] An action in *parens patriae* is one in which a state alleges injury to a general "quasi-sovereign" interest, which is either the health and well-being of the state's citizens or the state's being denied its rightful status in the federal system. <u>Alfred L. Snapp & Son, Inc. v. Puerto Rico</u>, 458 U.S. 592, 607 (1982).

[3] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

2

1  The State's complaint alleges that Defendants failed to take the
2  required "hard look" at the potential impact of their action,
3  violating the National Environmental Policy Act of 1969 ("NEPA"),
4  42 U.S.C. 4321 *et seq.*, and that they acted arbitrarily and
5  capriciously, violating the Administrative Procedure Act ("APA"),
6  5 U.S.C. 701 *et seq.*  Pl.'s Compl., ¶ 5.  The State seeks
7  declaratory and injunctive relief, asking the Court to set aside
8  the 2004 Framework.

9  Defendants move to dismiss the complaint, contending that
10 the State lacks standing as *parens patriae* in this action against
11 the federal government.  According to Defendants, the State does
12 not assert injuries to any sovereign or proprietary interests
13 beyond the general welfare of the citizens of California.  Defs.'
14 Mem. Supp. Mot. Dismiss at 2.  Accordingly, Defendants ask this
15 Court to find that the State lacks standing and to dismiss the
16 complaint for lack of subject matter jurisdiction.  The State
17 opposes Defendants' motion, arguing that the complaint does
18 assert interests in protecting specific resources of the State of
19 California, not merely *parens patriae* interests, and that the
20 Attorney General has standing to sue in his own right.  Pl.'s
21 Opp'n at 2.

**STANDARD**

23 In a motion to dismiss for lack of subject matter
24 jurisdiction under Rule 12(b)(1), the moving party can challenge
25 the allegations of jurisdiction on the face of the complaint
26 ("facial attack") or on issues of fact ("factual attack").
27 Thornhill Publ'g Co. v. Gen. Tel. & Elect. Corp., 594 F.2d 730,
28 733 (9th Cir. 1979);

1  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d
2  Cir. 1977).  A facial attack contends that the complaint fails to
3  allege grounds for federal subject matter jurisdiction as
4  required by Rule 8(a).  See Warren v. Fox Family Worldwide, Inc.,
5  328 F.3d 1136, 1139 (9th Cir. 2003).  In the present action,
6  Defendants do not dispute issues of fact.  Rather, Defendants
7  challenge the State's basis for standing to sue.  A challenge to
8  standing pertains to a federal court's subject matter
9  jurisdiction.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).
10  Thus, Defendants facially attack the complaint.
11      When reviewing a facial attack, the Court must determine
12  whether a lack of federal jurisdiction appears from the "face of
13  the complaint."  Warren, 328 F.3d at 1139.  The Court will review
14  the complaint as a whole to determine if other allegations in the
15  complaint clearly indicate federal jurisdiction.  See Cook v.
16  Winfrey, 141 F.3d 322, 326 (7th Cir. 1998).  Further, for a
17  facial attack, the Court must presume that the factual
18  allegations in the complaint are true.  Wolfe v. Sprankman, 392
19  F.3d 358, 361 (9th Cir. 2004); Williamson v. Tucker, 645 F.2d
20  404, 412 (5th Cir. 1981); Mortensen v. First Fed. Sav. & Loan
21  Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).
22      If the Court grants a motion to dismiss, it must then decide
23  whether to grant leave to amend.  Generally, leave to amend
24  should be denied only if it is clear that the deficiencies of the
25  complaint cannot be cured by amendment.  Broughton v. Cutter
26  Labs., 622 F.2d 458, 460 (9th Cir. 1980).
27  ///
28  ///

4

**ANALYSIS**

United States Supreme Court and Ninth Circuit precedent indicate that a state does not have standing as *parens patriae* in an action against the federal government. <u>Alfred L. Snapp & Son, Inc. v. Puerto Rico</u>, 458 U.S. 592, 610 n.16 (1982); <u>Nevada v. Burford</u>, 918 F.2d 854, 858 (9th Cir. 1990). Furthermore, apart from any *parens patriae* interests, the Court finds that the Attorney General has not established standing properly in his own right. The Court lacks subject matter jurisdiction over an action brought by a plaintiff who does not have standing, and such action should be dismissed. <u>Cetacean Comty. v. Bush</u>, 386 F.3d 1169, 1174 (9th Cir. 2004). As delineated below, the State's failure to establish standing mandates that its complaint be dismissed.

**1. The State's assertion of *parens patriae* interests is insufficient to confer standing.**

Defendants contend that the State alleges nothing more than injuries to the health and well-being of the State's citizens. The Court agrees. From the face of the complaint, the Court finds no indication that the Attorney General, on behalf of the State, asserts anything more than interests pertaining to the health and well-being of California's citizenry. The State's complaint clearly recites that in filing this action, the Attorney General has acted pursuant to his "[state] constitutional, common law, and statutory authority to represent the public interest." Pl.'s Compl., ¶ 10.

///
///

1  Moreover, the complaint alleges that the citizens of California
2  "have an interest in the use and enjoyment of the *national*
3  forests in the Sierra, and an interest in preserving and
4  protecting the natural resources of those forests." Pl.'s
5  Compl., ¶ 8 (emphasis added).
6       Allegations of particular injuries to California do not
7  accompany these broad statements regarding the State's general
8  interests.  Plaintiff's complaint simply does not extend beyond
9  mere *parens patriae* interests.  See Snapp, 458 U.S. at 607.  This
10 is insufficient to state a cognizable claim against the federal
11 government.  In actions regarding citizens' rights relating to
12 the federal government, it is the United States, not an
13 individual state, that represents citizens as *parens patriae*.
14 Id. at 610 n.16, citing Massachusetts v. Mellon, 262 U.S. 447,
15 485-86 (1923).
16      While the State alleges that the 2004 Framework, if
17 implemented, would increase logging, grazing, and other
18 activities on forest land owned by the federal government (see
19 Pl.'s Compl., ¶¶ 33, 42, 55, 56), the State fails to allege any
20 injuries that such activities would cause to the land, resources,
21 and wildlife owned, used, and managed by the State of California.
22 Such allegations are necessary in order to move past the confines
23 of the *parens patriae* doctrine.  See City of Sausalito v.
24 O'Neill, 386 F.3d 1186, 1197, 1199 (9th Cir. 2004); Nevada v.
25 Burford, 918 F.2d 854, 856-57 (9th Cir. 1990).  As presently
26 constituted, the State's allegations are nothing more than
27 generalized grievances that Defendants violated federal law and
28 injured the public interest.  See Burford, 918 F.2d at 856-57.

Consequently, the State cannot maintain this *parens patriae* action against the federal government.

**2. The facts as pled in the State's complaint are insufficient to confer any other basis for standing, and, hence, jurisdiction.**

In its opposition to Defendants' motion, the State contends that its complaint alleges more than *parens patriae* interests and, in so doing, establishes standing aside from any *parens patriae* limitation. Pl.'s Opp'n at 2. The Court nonetheless finds that the State has not met the constitutional requirements for standing in the complaint presently before it.[4]

In order to establish standing, a plaintiff must satisfy the requirements under Article III of the Constitution ("constitutional requirements") as well as the requirements in the statute under which the suit is brought ("statutory requirements"). See Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979); LaDuke v. Nelson, 762 F.2d 1318, 1323 (9th Cir. 1985). The constitutional requirements are as follows: the party must have "'(1) . . . suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant;

///

---

[4] The Court acknowledges that the State has moved to strike Defendants' argument that the Attorney General himself is not a proper plaintiff. The State points out that this argument was first raised in Defendants' reply papers, and objects to that late inclusion as untimely. Because the Court did not rely on Defendants' reply in ruling upon the matter presently before it, however, the Court need not rule on the State's request to strike and declines to do so.

and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" City of Sausalito, 386 F.3d at 1197, citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). To meet the statutory requirements for standing (pursuant to APA), a plaintiff must demonstrate that its claims fall within the "zone of interests" protected by the statute that is the basis for the claim, in this case, NEPA.  5 U.S.C. § 702; City of Sausalito, 386 F.3d at 1199-1200.

In the present action, the State fails the first prong of the constitutional test for standing because the complaint does not allege "concrete and particularized" injuries.  The State's complaint focuses on *procedural* injuries suffered from Defendants' alleged failure to follow NEPA and APA.  Pl.'s Compl., ¶¶ 5, 8, 18-19, 34-57.  Although the State can allege procedural injuries, rather than substantive injuries, caused by Defendants' alleged procedural shortfalls (City of Sausalito, 386 F.3d at 1197), the State must also allege that the Defendants' action threatens the state's "'concrete' interest--such as an aesthetic or recreational interest . . . ."  Id. (internal citations omitted).  No such sovereign or proprietary interest has been alleged in the State's complaint, as described above.

In City of Sausalito, the plaintiff city challenged the National Park Service's development plan for a local decommissioned military base.  Id. at 1194.
///
///
///

8

1 Sausalito alleged that the Park Service violated NEPA procedures
2 and that such violation would threaten the city's economy, harm
3 its natural resources, and compromise its aesthetic interests,
4 public safety, and management ability.  Id. at 1199.  Sausalito
5 specifically asserted injury to its natural resources by stating
6 the Park Service's plan would increase the city's noise and
7 trash, impair its air quality, and harm its marina, parks,
8 trails, and shoreline.  Id. (internal quotation marks omitted).
9 Given those allegations of injury, the appellate court found
10 Sausalito had met the constitutional requirements for standing
11 because it had alleged harm to its proprietary interests with
12 "sufficient detail" to constitute concrete and particularized
13 injuries.  Id.  The State's complaint in the present action fails
14 to similarly allege threats of injury to concrete and
15 particularized proprietary interests, apart from the general
16 *parens patriae* interests of the People.  Nevada v. Burford, 918
17 F.2d 854, 856-57 (9th Cir. 1990).

18    A plaintiff does not need to allege injuries in extensive
19 factual detail.  Rule 8(a) requires nothing more than a "short
20 and plain statement" in a complaint to establish subject matter
21 jurisdiction.  Fed. R. Civ. P. 8(a).  However, Rule 8(a) and our
22 notice-pleading system are designed to give a defendant fair
23 notice of the plaintiff's claims and grounds.  Conley v. Gibson,
24 355 U.S. 41, 47 (1957).  In the present case, the State's
25 complaint, void of any concrete or particularized injuries, does
26 not give Defendants fair notice of the claims or the grounds upon
27 which they are based.
28 ///

Consequently, the State has not met the constitutional requirements for standing, and this Court does not have subject matter jurisdiction over the suit.[5]

**CONCLUSION**

Based on the foregoing, this Court GRANTS Defendants' Motion to Dismiss, with leave to amend. The State may file and serve an amended complaint within twenty (20)days following service of this Order.

IT IS SO ORDERED.

DATED: July 18, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] Because the State fails the constitutional requirements for standing, the Court need not discuss whether the State satisfies the statutory requirements for standing. However, Ninth Circuit precedent indicates that the State of California, or the appropriate state agency, would likely meet the statutory standing requirements under NEPA and APA. See Sausalito, 386 F.3d at 1199-1200 (internal citations omitted); Port of Astoria, Or. v. Hodel, 595 F.2d 467, 475 (9th Cir. 1979).

10