|1
|2
|3
|4
|5
|6
|7
|8                    UNITED STATES DISTRICT COURT
|9                   EASTERN DISTRICT OF CALIFORNIA
|10
|11                            ----oo0oo----
|12
|13  SIERRA NEVADA FOREST PROTECTION            No. CIV-S-05-0205 MCE GGH
    CAMPAIGN, CENTER FOR BIOLOGICAL
|14  DIVERSITY, NATURAL RESOURCES
    DEFENSE COUNCIL, SIERRA CLUB, and
|15  THE WILDERNESS SOCIETY, non-profit         **ORDER DENYING FEDERAL**
    organizations,                              **DEFENDANTS' MOTION TO**
|16                                             **CONSOLIDATE CASES**
             Plaintiffs,
|17
         v.
|18
    MARK REY, in his official capacity as
|19  Under Secretary of Agriculture; DALE
    BOSWORTH, in his official capacity
|20  as Chief of the United States Forest
    Service; JACK BLACKWELL, in his official
|21  capacity as Regional Forester,
    Region 5, United States Forest Service;
|22  JAMES M. PEÑA, in his official capacity as
    Forest Supervisor, Plumas National Forest,
|23
             Federal Defendants.
|24  _____
|25  PEOPLE OF THE STATE OF CALIFORNIA,         No. CIV-S-05-0211 MCE GGH
    ex rel. BILL LOCKYER,
|26  Attorney General,
|27           Plaintiff,
|28       v.

                                   1

```
 1  UNITED STATES DEPARTMENT OF
    AGRICULTURE; MIKE JOHANNS, in his
 2  official capacity as Secretary of the
    Department of Agriculture;
 3  MARK REY, in his official capacity as
    Under Secretary of Agriculture;
 4  DALE BOSWORTH, in his official capacity
    as Chief of the United States Forest
 5  Service; and JACK A. BLACKWELL in his
    official capacity as Regional Forester,
 6  Region 5, United States Forest Service,

 7              Federal Defendants.
    _____
 8
    CALIFORNIA FORESTRY ASSOCIATION
 9  and AMERICAN FOREST & PAPER              No. CIV-S-0905-MCE DAD
    ASSOCIATION,
10
                Plaintiffs,
11      v.

12  DALE BOSWORTH, Chief, United States
    Forest Service; MIKE JOHANNS, Secretary of
13  Agriculture; and JACK A. BLACKWELL,
    Regional Forester, Pacific Southwest Region,
14  United States Forest Service,

15              Federal Defendants.
    _____
16
    PACIFIC RIVERS COUNCIL,
17                                           No. CIV-S-00953 MCE DAD
                Plaintiff,
18
        v.
19
    UNITED STATES FOREST SERVICE;
20  MARK REY, in his official capacity as Under
    Secretary of Agriculture; DALE BOSWORTH,
21  in his official capacity as Chief of the
    United States Forest Service;
22  JACK BLACKWELL, in his official capacity
     as Regional Forester,
23  Region 5, United States Forest Service,

24              Federal Defendants.
    _____
25                        ----oo0oo----

26

27       _____The matter is before the Court upon a motion by the

28  United States to consolidate, pursuant to Rule 42(a) of the

                                   2
```

Federal Rules of Civil Procedure, the four above-captioned cases, which have all been previously related in accordance with the provisions of Local Rule 83-123.  According to the United States, consolidation would promote judicial economy by providing a comprehensive procedural mechanism for coordinating all four of these challenges to the 2004 Sierra Nevada Forest Plan Amendment.

In requesting consolidation only for purposes of such coordination, however, the United States specifically states that the four cases should *not* be merged.  This concern is reiterated by Plaintiffs California Forestry Association, Sierra Nevada Forest Protection Campaign, People of the State of California and Pacific Rivers Council, who agree with consolidation only to the extent that the related cases are *not* merged and consolidation is limited to requiring coordinated briefing and hearing schedules to promote the efficient resolution of each case.

Although the parties appear to be in agreement that the cases not be merged, the procedure utilized by this Court for consolidation involves that very procedural vehicle, and would entail designation of a single master case into which the other cases would be incorporated.  Given the complexity of these cases and the factual distinctions which apply to some of the actions, such merger in the Court's view would be both unwieldy, impracticable, and contrary to the parties' desires in any event. Because the Court finds that such consolidation would consequently not promote judicial economy, the United States'
//
//
//

1 Motion to Consolidate is DENIED.[1]
2    The Court does, find, however, that coordination within the
3 confines of the related status of these cases is indicated.
4 Consequently coordination to that extent will occur.  The parties
5 in each case shall consult and, within 21 days of this order,
6 submit joint status reports that include proposed schedules for
7 briefing the merits of the cases.
8    IT IS SO ORDERED.
9
10 DATED: July 27, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

4