UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ex rel. BILL LOCKYER, Attorney General,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; MIKE JOHANNS, Secretary of the Department of Agriculture; MARK REY, Under Secretary of the Department of Agriculture; UNITED STATES FOREST SERVICE; DALE BOSWORTH, Chief, United States Forest Service; and BERNARD WEINGARDT, Regional Forester, Pacific Southwest Region, United States Forest Service,<br><br>      Defendants.<br><br>  and<br><br>TUOLUMNE COUNTY ALLIANCE FOR RESOURCES & ENVIRONMENT, et al.; CALIFORNIA SKI INDUSTRY ASS'N; QUINCY LIBRARY GROUP, et al.; and CALIFORNIA CATTLEMEN'S ASS'N,<br><br>      Defendant-Intervenors. | No. 2:05-cv-00211-MCE-GGH<br><br><br><br>ORDER |

1

On August 18, 2008, this Court denied Plaintiff's Motion for Summary Judgment, except to the limited extent that the Court, in reliance on the Ninth Circuit's decision in Sierra Forest Legacy v. Rey, 526 F.3d 1228, 1231-32 (9th Cir. 2008), found that the Forest Service violated the National Environmental Policy Act ("NEPA") by failing to consider a sufficient range of alternatives in adopting the 2004 Framework.  Summary adjudication in favor of Plaintiff was granted on that issue, as set forth in the Fourth Cause of Action.  Correspondingly, the Forest Service's Cross-Motion for Summary Judgment was granted in its entirety except as to the Fourth Cause of Action.

Given the Court's directive ordering separate briefing as to the question of remedy following its liability findings as set forth above, those issues were briefed by the parties and a hearing set for December 19, 2008 with regard to Plaintiff's request that permanent injunctive relief be granted to set aside the 2004 Framework and reinstate its 2001 predecessor.

In the course of the parties' remedies briefing in a related case also scheduled for hearing on December 19, 2008, Sierra Nevada Forest Protection Campaign v. Rey, Case No. 2:05-cv-00205 MCE-GGH, counsel for Defendant-Intervenors Quincy Library Group and TuCare, et al., have advised the Court that Petitions for Rehearing had been filed as to the Ninth Circuit's panel decision in Sierra Forest Legacy v. Rey, supra, and that the Ninth Circuit had ordered Plaintiff in that case to respond to those petitions by August 22, 2008.

///

///

1  Although the parties indicate that all papers regarding the
2  rehearing petitions were filed by September 17, 2008, no decision
3  on the petitions have been forthcoming.  Accordingly, mandate
4  back to this court under Federal Rule of Appellate Procedure
5  41(b) has not yet issued.
6       Given the fact that the appellate decision underlying this
7  Court's finding on behalf of Plaintiff in this matter remains
8  non-final given the pending rehearing petitions, and in view of
9  recent developments which may form the Ninth Circuit's ultimate
10 decision whether to take the matter en banc, including not only
11 the Ninth Circuit's own subsequent decision in Lands Council v.
12 McNair, 537 F.3d 981 (9th Cir. 2008), but also the Supreme
13 Court's even more recent pronouncement in Winter v. Natural
14 Resources Defense Council, 129 S. Ct. 365 (2008), this Court
15 believes it would be premature to fashion a remedy, and enter any
16 final judgment in this matter, until after the rehearing
17 petitions have been adjudicated and mandate has been formally
18 transferred back to the Court.  As counsel for the Intervenor-
19 Defendants have pointed out, any district court proceedings on a
20 remedy while logically antecedent issues remain before an
21 appellate court may ultimately be null and void, and may
22 consequently have to be redone following the issuance of mandate.
23 See Kusay v. United States, 62 F.3d 192, 193-96 (7th Cir. 1995);
24 United States v. Thorp, 655 F.2d 997, 999 (9th Cir. 1981).  The
25 Court wishes to avoid any potential waste of judicial resources
26 in that regard and therefore declines to act on the question of
27 remedy before the aforementioned decision in Sierra Forest Legacy
28 v. Rey is final and mandate to this Court has been issued.

If the panel opinion in Rey is vacated, the need for a remedies hearing may be entirely obviated should this Court then determine that the 2004 Framework's consideration of project alternatives was otherwise sufficient.

    Plaintiff is directed to notify the Court once a decision on the rehearing petitions in Rey has been made.  At that point, the instant remedies hearing will be rescheduled as necessary.

    IT IS SO ORDERED.

Dated: December 19, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE