UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ex rel. EDMUND G. BROWN, Attorney General,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; MIKE JOHANNS, Secretary of the Department of Agriculture; MARK REY, Under Secretary of the Department of Agriculture; UNITED STATES FOREST SERVICE; DALE BOSWORTH, Chief, United States Forest Service; and BERNARD WEINGARDT, Regional Forester, Pacific Southwest Region, United States Forest Service,<br><br>    Federal Defendants.<br><br>    and<br><br>TUOLUMNE COUNTY ALLIANCE FOR RESOURCES & ENVIRONMENT, et al.; CALIFORNIA SKI INDUSTRY ASS'N; QUINCY LIBRARY GROUP, et al.; and CALIFORNIA CATTLEMEN'S ASS'N,<br><br>    Defendant-Intervenors.<br>_____/ | No. 2:05-cv-00211-MCE-GGH<br><br>ORDER DENYING STATE OF CALIFORNIA'S MOTION FOR INJUNCTION PENDING APPEAL AND GRANTING PARTIAL STAY OF REMEDY ORDER |

----oo0oo----

This Court has resolved the liability issues raised in four related cases challenging the 2004 Sierra Nevada Forest Plan Amendment (also referred to as the "2004 Framework" or the "SNFPA"). Moreover, in separate proceedings, the Court has crafted an appropriate remedy.[1] Plaintiff, the State of California, has appealed this Court's rulings and now seeks an injunction requiring that Forest Service timber harvesting projects comply with the 2001 Framework pending completion of the appellate process. California also asks the Court to stay its order requiring the Forest Service to prepare a Supplemental Environmental Impact Statement ("SEIS") by May 1, 2010.

For the reasons set forth below, the State's motion to enjoin projects inconsistent with the 2001 Framework pending resolution of their appeal is DENIED. As also explained below, the State's motion to stay the agency's obligation to complete a SEIS by May 1, 2010, which is not opposed by Federal Defendants, will be GRANTED.[2]

///
///
///
///

---

[1] See Sierra Nevada Forest Prot. Campaign ("SNFPC") v. Rey, 573 F. Supp. 2d 1316 (E.D. Cal. 2008) [Dkt. No. 255]; California ("California") v. U.S. Dep't of Agric., No. 05-211, 2008 WL 3863479 (E.D. Cal. Aug. 19 and Sept. 3, 2008) [Dkt. No. 172]; Pacific Rivers Council ("PRC") v. U.S. Forest Serv., No. 05-953, 2008 WL 4291209 (E.D. Cal. Sept. 18, 2008) [Dkt. No. 153]; California Forestry Ass'n ("CFA") v. Bosworth, No. 05-905, 2008 WL 4370074 (E.D. Cal. Sept. 24, 2008) [Dkt. No. 131].

[2] The parties did not request oral argument and, because the Court concluded that such argument was not of material assistance, it ordered the matter submitted on the briefs. E.D. Local Rule 230(g).

**I. CALIFORNIA'S MOTION FOR AN INJUNCTION PENDING APPEAL**

In its motion for an injunction pending appeal, California asserts that it "joins in the Motion for Injunction Pending Appeal and Partial Stay of Remedy Order filed by plaintiffs in related case <u>Sierra Forest Legacy et al v. Sherman, et al.</u> (02:05-cv-0205)." Mot. for Inj. Pending Appeal [Dkt. No. 255] at 1.

For the reasons set forth in this Court's Order denying an injunction pending appeal in <u>Sierra Forest Legacy v. Sherman</u>, 05-cv-0205, California's motion for injunctive relief is also denied.

**II. CALIFORNIA'S REQUEST TO STAY THE AGENCY'S OBLIGATION TO PREPARE A SEIS BY MAY 1, 2010**

This Court's Remedy Order directs the Forest Service to complete a Supplemental Environmental Impact Statement ("SEIS") addressing the limited procedural defects the Court found in the existing Framework NEPA analysis. Memorandum and Order, 05-cv-0205 [Dkt. No. 304] at 14. California asks that this Court stay the Forest Service's obligation to prepare a SEIS pending resolution of the State's appeal.

///
///
///
///
///
///

Federal Defendants have indicated they do not oppose this request and acknowledge that the outcome of California's appeal could alter the scope of the supplemental NEPA analysis to be prepared by the agency. The Court concurs that it makes sense to postpone the expenditure of time and resources on the NEPA process until after the resolution of this matter on appeal, when the full parameters of the necessary NEPA analysis are known and can be addressed in a single document.

Federal Defendants have requested that, should the Court stay the obligation to prepare a SEIS, it clarify its order to make clear that the SEIS process be completed at least six-months after the stay is lifted. Otherwise, the agency faces the risk that the stay is lifted shortly before or after the May 1 deadline, leaving the agency unable to comply with the Court's order. The Court finds this modification appropriate.

**CONCLUSION**

Given the foregoing, the Court makes the following orders:

1. Plaintiffs' motion for an injunction pending appeal is DENIED, and

2. Plaintiffs' motion to stay the requirement that the Forest Service complete an SEIS by May 1, 2010, is GRANTED, and

3. The Forest Service is directed to complete the SEIS process six months after this Court's stay is lifted, and

///
///
///

4. Should the resolution of the appeal process or other intervening circumstances make compliance with the deadline for completion of the SEIS impracticable, the Forest Service shall notify the Court and seek appropriate relief.

IT IS SO ORDERED.

Dated: February 25, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE